By the Court.
 

 The single question here presented is whether the provisions of Sections. 4785-70 and 4785-75 require a minimum of five or of one hundred names of electors upon the petition of a delegate to a national party convention from a congressional district less than a county.
 

 The pertinent language of these sections reads as follows:
 

 Sec. 4785-70. “* * * Such declaration of candidacy shall be accompanied by a petition signed by at least one thousand electors of his party, from at least one-third of the counties of the state, in the case of an office to be voted for by the electors of the entire state; in the case of a candidate for an office in a county or a district larger than a county and less than the state, at least one hundred electors of his party or by at least five per cent of the vote cast for his party candidate for governor at the nest preceding state election if such five per cent is less than one hundred; in the case of a candidate for office in a subdivision less than a county, such petition shall be signed by at least five electors of such subdivision. * * *”
 

 Sec. 4785-75. “At the primary election which shall be held on the second Tuesday in May in the year 1932, and similarly ■ in every fourth year thereafter, delegates and alternates-at-large to the national conventions of the different political parties shall be chosen by direct vote of the electors in the manner prescribed in this chapter for the nomination of candidates for state offices, and candidates for election as delegates
 
 *92
 
 and alternates to such conventions from districts within the state shall be chosen by direct vote of the electors in the manner prescribed in this chapter for the nomination of candidates for district offices. * * *”
 

 The chief source of the difficulty here encountered arises from the provision that “in the case of a candidate for an office in a county or district larger than a county and less than the state, at least one hundred electors of his party or by at least five per cent of the vote east for his party candidate for governor at the next preceding state election if such five per cent is less than one hundred; in the case of a candidate for office in a subdivision less than a county, such petition shall be signed by at least five electors of such subdivision.” It is apparent that the first part of this provision relates to a county and also to a district larger than a county but smaller than the state. It is equally clear that the second part applies to a “subdivision” less than a county, but the word “district” is not included, as in the first. Thus this statute unfortunately makes no specific provision for a “district”
 
 smaller
 
 than a county. Therefore the question reduces itself to whether a “district” less than a county is to be considered as impliedly comprehended within the term “a subdivision less than a county.”
 

 Although the above quoted sections themselves are of little assistance in solving this difficulty, the election code does not leave the matter to speculation. Section 4785-3 (q), General Code, as amended in 114 Ohio Laws, 679, contains the following definition of the word “subdivision”:
 

 “The term ‘political subdivision’ shall mean a county, township, city, village or school district.”
 

 If proper significance is attached to the omission of the word “district,” the solution of the problem is found simply by the application of the ancient and logical principle of
 
 expressio miius est exchosio ql
 
 
 *93
 

 terms.
 
 The Legislature has power to provide reasonable definitions of the terms employed in its enactments, and in this instance the result is an eminently fair and proper one. If this court were to disregard Section 4785-3 (q) and hold that the term “subdivision” includes any congressional district less than a county, the anomalous result would be a provision permitting a petition with five names in a district smaller in area but larger in population than a district in which a petition with a minimum of one hundred names is required. This would produce at least a startling lack of uniformity in the operation of the statute among the various congressional districts of Ohio.
 

 This court is therefore unanimously of the opinion that Section 4785-3 (q) is controlling and that the term “subdivision” as employed in Section 4785-70 does not embrace a congressional district smaller than a county. The relator’s demurrer to the answer is overruled and the peremptory writ is denied.
 

 Writ denied.
 

 Weygandt, O. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.